

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 14, 1959

Honorable Robert S. Calvert     Opinion No. WW-593
Comptroller of Public Accounts
Austin, Texas                   Re:  Whether products mar-
                                     keted as "Little Cigars"
                                     are subject to the ciga-
                                     rette tax under Article
Dear Sir:                            7047c-1, V.C.S.

        We quote from your opinion request as follows:

"The Cigarette Tax Law of the State of Texas
describes a cigarette as follows:  Sec. 1,
paragraph (a):

        '(a)  "Cigarette" shall mean and include
        any roll for smoking made wholly or in
        part of tobacco irrespective of size or
        shape and irrespective of tobacco being
        flavored, adulterated, or mixed with any
        other ingredient, where such roll has a
        wrapper or cover made of paper or any
        other material.  Provided the definition
        herein shall not be construed to include
        cigars.'

"In line with this description there has been placed
in trade channels for sale packages which are described
as 'Little Cigars' and they are being marketed with the
belief that they were 'Little Cigars' and not subject
to the cigarette tax as assessed in our cigarette tax
law.

"I submit herewith the substance used as a wrapper for
this little cigar together with an original package
of same.  Since there are several brands now being mar-
keted which are being classified by the manufacturer as
'Little Cigars' I am also submitting one of each brand
which I have been able to secure.  They will be marked
individually as to brands.  Also attached are Thermo-Fax
copies of letter opinions of certain paper dealers de-
scribing the wrappers of the enclosed items to be paper.
It is my view that the writers of these letters are
qualified to pass on such an issue.

"Even though the manufacturer agrees that the content of the wrapper is 97 per cent tobacco, which has been homogenized, and 3 per cent foreign substance it is conceded that paper can be made from tobacco, which is a fibrous substance, I have taken the position that the items classified as 'Little Cigars' are cigarettes and subjuect to the tax under our cigarette tax law.

"Will you please furnish me with your opinion as to whether or not I am correct in the position I have taken."

If it were not for the last sentence of Article 7047c-1(a) V.A.C.S. it is apparent that the products you describe would fall within the Texas definition of a "cigarette". In view of such sentence, however, it is necessary that the term "cigar" be defined.

After careful review of the authorities that exist on the subject, we have concluded that in order to qualify as a "cigar", a roll for smoking must meet two requirements: (1) it must be wrapped in tobacco; (2) the filler must be "cigar" tobacco, i.e., the tobacco must be of the type which is ordinarily used in cigars and is regarded in the tobacco industry as "cigar" tobacco.

### "CIGAR" MUST BE WRAPPED IN "TOBACCO"

A previous opinion of this department held that small tobacco rolls, about the same size and shape of an ordinary cigarette, rolled in a tobacco "leaf" and filled with cut and shredded tobacco, were properly classified and taxed as cigars. Attorney General's Letter Opinions, Book 381, p. 525 (May 16, 1938). This opinion states in part that "in the absence of a definition of a cigar having been made by either the Legislature of this State or the Courts of this State, proper deference should be given the Federal definition." The Federal definition of a cigar is "any roll of tobacco wrapped in tobacco." 26 U.S.C.A. § 270.13.

It is to be noted that the opinion referred to above deals with rolls of tobacco wrapped in tobacco "leaf." This raises the question of whether or not a "cigar" must be wrapped in tobacco "leaf", or in tobacco in its natural state. No such requirement is made under the Federal Law. To the contrary, under the Federal Law tobacco that has been treated with oil under pressure is still termed "tobacco". 26 U.S.C.A. § 270.12. In view of this, we do not believe that such a requirement may be made under the Texas law.

The issue that must be determined is whether the wrappers on the products in question have lost identity as "tobacco." This is a fact question. As pointed out in the Attorney General's Opinion cited supra, this department is not a fact finding body. Therefore, the question is left to your determination.

## FILLER MUST BE OF CIGAR TOBACCO

The case of State v. Goodrich, 113 N.W. 388, 133 Wis. 242, 14 Ann.Cas. 932 (1907), points out the distinction in "cigarette" and "cigar" tobacco. The court had before it the question of whether or not certain tobacco products known as "Between The Acts Little Cigars" were cigarettes or cigars. The following quotation summarizes the problems involved:

"A most serious difficulty with the State's contention for a classification between 'cigars' and 'cigarettes' which would include some tobacco wrapped rolls under the latter designation is that it could give no certainty of demarcation. If some tobacco covered rolls of tobacco are 'cigarettes' and others not, how shall the ordinary citizen or the courts decide which are one and which the other. Counsel suggest size, but where, between the smallest and the largest, shall the line be drawn? the gradations are almost infinitesimal, and some paper covered cigarettes are as large as cigars which everyone would recognize as such. Again, he suggests the cylindrical shape and open ends, but both these are characteristic of the cheroot and the stogy, either of which offers complete antithesis to the gentle cigarettes so easily mastered by the school boy. Again, the fine granulated tobacco filler is urged, but that is characteristic of only some cigarettes and is also characteristic of may large and strong cigars . . .Such indefiniteness and uncertainty would be wholly out of place in a penal statute, and we cannot believe the Legislature intended it."

After examining in detail the difference in processing, manufacture, taste, and aroma of the types of tobacco used respectively in cigars and cigarettes, the court concluded:

"We reach the conclusion that the articles sold by the defendant are not 'cigarettes' within any reasonable meaning of the word....In so concluding, however, we do not mean to declare the impossibility of a tobacco wrapped cigarette. We find no proof and have no knowledge that such a thing existed at the time of

the legislation or now exists, but it is at least conceivable that so complete an equivalent of the acknowledged cigarette might be devised, perhaps for the very purpose of evading the law, that a court should declare it within the legislative prescription."

Under the authority of this case, the fact that a particular roll of smoking tobacco has a wrapper made of tobacco does not necessarily determine its classification. To hold contrary would open the door to fraud and evasion of the law by simulation and imitation of cigars by products which are in actuality the equivalent of ordinary cigarettes.

The determination of whether or not the filler used in a particular tobacco product is cigar tobacco is also a fact question.

## SUMMARY

Under the Texas Cigarette Tax Law all rolls for smoking wrapped in paper or any other substance are taxable except cigars. A cigar has two basic requirements: (1) the roll for smoking must be the type of tobacco which is ordinarily used in cigars and is regarded in the trade as cigar tobacco; and (2) such roll must be wrapped in tobacco. The determination of whether these requirements are met are fact issues to be decided by your department.

Yours very truly,

WILL WILSON
Attorney General

By _____
Assistant

JNP:bct

APPROVED:

OPINION COMMITTEE:
George P. Blackburn, Chairman

Jot Hodges, Jr.
Houghton Brownlee, Jr.
Lawrence Jones

REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. Geppert